UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ABRAHAM LEON GOLDFARB, § § Plaintiff, § § V. § § ELITE SERVICE RECOVERY & § TOWING, LLC AND DENNIS WAYNE § BAGGETT § § Defendants § | CIVIL NO. _____ JURY DEMAND |

# PLAINTIFF'S ORIGINAL COMPLAINT

TO THIS HONORABLE COURT:

COMES NOW ABRAHAM LEON GOLDFARB, Plaintiff, complaining of ELITE SERVICE RECOVERY & TOWING, LLC. and DENNIS WAYNE BAGGETT, Defendants, and would respectfully show:

## 1. Parties

1.1    Plaintiff, Abraham Leon Goldfarb, is an individual who is a citizen of Texas as well as the United States and has been domiciled at all material times in Cherokee County, Texas.

1.2    Defendant Elite Service Recovery & Towing, LLC. is a Louisiana corporation doing business in Texas.  Defendant has its principal place of business in the State of Louisiana.

1.3    Defendant, Dennis Wayne Baggett, is an individual and a citizen of the State of Louisiana.

1.4     Both Defendants are deemed pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 17.061, et seq to have appointed J. Bruce Bugg, Jr., Chairman of the Texas Transportation Commission (formerly known as the State Highway and Public Transportation Commission), as their agent for service of process.

1.5     J. Bruce Bugg, Jr. may be served with process in his capacity as Chairman of the Texas Department of Transportation at 125 E. 11th Street, Austin, Travis County, Texas 78701; (Telephone: 512-305-9509).

1.6     Said Chairman is thereafter requested to mail by properly addressed letter to said Defendants a copy of this process including the Summons and Complaint as well as the notice that this process has been served on said Chairman.

1.7     Said documents should be mailed by registered mail, or by certified mail, return receipt requested, with the postage prepaid, to Defendant Elite Service Recovery & Towing, LLC at said Defendant's proper address which is:  101 E. Greenway Street, Lake Charles, LA 70605.

1.8     Further, said documents should be mailed by registered mail, or by certified mail, return receipt requested, with the postage prepaid, to Defendant Dennis Wayne Baggett at said Defendant's proper address which is:  733 Pierce Road, DeQuincy, LA 70633.

1.9     Said Chairman is thereafter requested to certify to this Court the performance of the aforementioned duties.

## 2.  Jurisdiction

2.1     There is diversity of citizenship among and between the parties to this civil action, and the amount in controversy, exclusive of interest and costs, exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

2.2    Jurisdiction in this judicial district therefore exists pursuant to 28 U.S.C. §1332.

### 3. Venue

3.1    A substantial part of the events of omissions giving rise to the Plaintiff's claims occurred in Anderson County, Texas.

3.2    Venue in this judicial district is therefore proper pursuant to 28 U.S.C. §1391.

### 4. Introductory Statement of Claim

4.1    This lawsuit arises from a motor-vehicle collision that occurred on June 19, 2017, on a two-lane section of U.S. Highway 175 in Anderson County, Texas.

4.2    The collision happened between Frankston, Texas and Athens, Texas on a section of highway that was undergoing road construction.

4.3    On the day in question, Defendant Dennis Wayne Baggett drove a tractor and flat-bed trailer rig through the construction zone on U.S. Highway 175.

4.4    Defendant Elite Service Recovery & Towing, LLC. owned and/or leased the tractor and flat-bed trailer rig.

4.5    Defendants were transporting heavy-metal, portable buildings measuring approximately forty (40) feet long and twelve (12) feet wide.

4.6    Based on information and belief, Defendants were transporting these portable buildings from Louisiana to Boyd, Texas.

4.7    Defendants did not use an escort flag vehicle for this transport.

4.8    As Defendant Baggett drove north on U.S. Highway 175, road-construction barriers were erected along the outside of his north-bound lane to prevent vehicles from moving right and onto the improved shoulder.

4.9 As Defendant drove northbound, a vehicle driven by Plaintiff approached from the opposite direction.

4.10 When Defendants' and Plaintiff's vehicle met in the roadway, the 12-foot wide portable building on Defendant's trailer, hung over into Plaintiff's lane of travel and struck Plaintiff's vehicle.

4.11 As a result of the collision, Plaintiff suffered serious injuries including a fracture to his cervical spine.

4.12 Defendant Dennis Wayne Baggett was operating the tractor-trailer rig involved in this collision with the permission of Defendant Elite Service Recovery & Towing, LLC.

4.13 Defendant Dennis Wayne Baggett was an employee of Defendant Elite Service Recovery & Towing, LLC and he was acting in the scope of this employment by Defendant Elite Service Recovery & Towing, LLC at the time of this collision.

4.14 In the alternative, Defendant Elite Service Recovery & Towing, LLC and Defendant Dennis Wayne Baggett were engaged in a joint enterprise at the time of this collision.

### 5. Defendants Violated the Texas Transportation Code and The Texas Department of Motor Vehicles Oversize Load Regulations

5.1 The Texas Transportation Code Chapter 623 and the Texas Department of Motor Vehicles (TxDMV) prescribes the required permits for oversize vehicles and regulated the conduct of Defendants at all material times.

5.2 Section 623, Subchapter F. of the Texas Transportation Code and the TxDMV requires special permitting and requirements for the transportation of portable buildings on Texas roadways.

5.3     On the occasion in question, Defendants did not comply with the Texas Transportation Code and/or the TxDMV permitting requirements for transporting portable buildings over Texas roadways.

### 6.  Defendants Violated the TxDMV Permitting Rules by Obtaining an Improper Permit and then Violating Said Permit's Conditions

6.1     On or about May 2, 2017, Defendant Elite Service Recovery & Towing obtained a Texas 90-Day Overwidth Permit number 170502086345 from the Texas Department of Motor Vehicles for the 2013 Kenworth tractor involved in the collision.

6.2     This permit stated it was not valid for transporting portable buildings.

6.3     This permit's conditions also stated:

a.  *Movement of a "permitted" vehicle is prohibited when the road surface is hazardous due to highway construction work.*

b.  *A "permitted" vehicle is authorized to travel through an area of highway construction provided the size of the vehicle does not exceed the construction restrictions available on the TxDMV website, www.TxDMV.gov.*

c.  *A "permitted" vehicle must have 12-inch square, red or orange fluorescent flags at the widest extremities of the load.*

6.4     On the day in question, the collision happened on a section of U.S. 175 that was undergoing highway construction work.

6.5     At all material times, including the day in question, the TxDMV website, that the permit required Defendants to consult, posted restrictions for sections of U.S. 175 Defendants were traveling that prohibited vehicles wider than 8'2" due to road construction.

6.6     Further, at the time of the collision, Defendants did not have an escort flag vehicle or 12-inch square, red or orange fluorescent flags at the widest extremities of the load.

## 7. Negligence Per Se Claims

7.1     Defendants violated the aforementioned Texas Transportation Code and Texas Department of Motor Vehicles permitting regulations.

7.2     The aforementioned Texas Transportation Code and TxDMV permitting rules for transporting over-width loads and portable buildings on Texas highways were enacted in part to prevent hazardous driving conditions for drivers on Texas roadways and collisions like the one in question.

7.3     Defendant Baggett failed to keep his vehicle and/or its cargo within his lane of travel on the right side of the highway in violation of Texas Transportation Code Section 545.051.

7.4     Defendants' unexcused violation of these statues and regulations constitutes negligence per se as well as negligence, each or all of which were a proximate cause of the collision in question and Plaintiff's resulting damages.

## 8. Negligence Claims

8.1     At the time of the collision, Defendant Baggett was operating his vehicle negligently.  Defendant had a duty to exercise ordinary care and operate his vehicle reasonably and prudently.  Defendant breached that duty in one or more of the following ways:

    a.  Failing to keep his vehicle and/or the portable building within his lane of travel.

    b.  Failing to route his vehicle to avoid highway construction zones that made his presence on the roadway hazardous to other drivers.

8.2     Defendant Dennis Wayne Baggett's failure to use ordinary care in the operation of his tractor-trailer rig constituted negligence or negligence per se, which was a proximate cause of the occurrence or injuries in question and Plaintiff's damages resulting from the occurrence or injuries in question.

8.3     Defendant Elite Service Recovery & Towing, LLC failed to use ordinary care in hiring, training, supervising, or retaining Defendant Dennis Wayne Baggett to drive its tractor-trailer rig or in otherwise entrusting its tractor-trailer rig to this driver, which constituted negligence or negligence per se and was a proximate cause of the occurrence in question and Plaintiff's damages resulting from the occurrence or injuries in question.

8.4     Defendant Elite Service Recovery & Towing, LLC and Defendant Dennis Wayne Baggett failed to use ordinary care in following the Texas Transportation Code and TxDMV's permitting rules for their use of Texas roadways on the day in question.

8.5     Both of the Defendants negligence, negligence per se and gross negligence as described herein is direct or vicarious and the doctrine of respondeat superior is invoked where applicable.

## 9.  Gross Negligence Claims

9.1     Defendants' acts or omissions as described above:

    a.     involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, when viewed objectively from the standpoint of Defendant at the time of the occurrence in question; and

  b. Defendants nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others with actual, subjective awareness of the risks involved.

9.2 Defendants' violation of Texas statutes and administrative regulations as well as its conduct as described above or otherwise, constituted gross negligence by act or omission, each or all of which were a proximate cause of the collision in question and Plaintiffs' resulting damages.

## 10.  Damages

10.1 As a direct and proximate result of Defendants' negligence, Plaintiff suffered the following injuries and damages:

  a. Physical pain and mental anguish in the past and future;

  b. Lost earnings;

  c. Loss of earning capacity;

  d. Physical impairment in the past and future; and

  e. Medical expenses in the past and future.

10.2 Moreover, these damages include any subsequent aggravation of Plaintiff's injury or injuries sustained in the occurrence in question.

## 11.  Prayer

11.1 All conditions precedent to the filing of this lawsuit have been performed or have occurred.

11.2 For these reasons, Plaintiff prays for judgment against Defendants, jointly and severally, for the following relief:

a. Fair, just, and adequate compensation, well in excess of this Honorable Court's minimum jurisdictional requirement of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for past and future general and special damages including actual damages;

b. Assessment of exemplary or punitive damages;

c. Prejudgment and postjudgment interest;

d. Costs of suit;

e. All other other relief the Court deems appropriate.

Respectfully submitted,

ROBERTS & ROBERTS

BY: *Karen R. Roberts*

KAREN R. ROBERTS
(LEAD ATTORNEY)
Bar No. 00791541
Email: Karen@robertslawfirm.com
BRUCE L. ROBERTS
Bar No. 16998900
118 West Fourth Street
Tyler, Texas 75701-4000
Ph: (903) 597-6655
Fax: (903) 597-1600
Attorneys for Plaintiff